PIERCE, Judge.
Appellant Houston Pyles was plaintiff in the Court below and brought this malpractice suit against appellees as defendants. Subsequent to filing of his suit in the Circuit Court, the Supreme Court of Florida decided Shingleton v. Bussey, Fla.1969, 223 So.2d 713, holding that liability insurance carriers could be joined as defendants in automobile accident cases. After Shingleton v. Bussey was released, Pyles filed motion for leave to amend so as to join, as additional parties defendant, the liability insurance carriers of the defendant doctors and hospital. The trial Court denied Pyles’ motion “on the ground that the case of Shingleton v. Bussey * * * does not extend to the joinder of liability insurance carriers in medical malpractice cases”. Pyles appealed the order to this Court.
While the appeal has been pending here the Supreme Court has handed down opinion in Beta Eta House Corp., Inc. of Tallahassee v. Gregory, Fla.1970, 237 So.2d 163, which expands the scope of Shingleton and sanctions the joinder of liability insurance carriers in cases other than automobile accident cases. The opinion perforce requires reversal of the order appealed here. Candor requires us to emphasize that the Supreme Court opinion in Beta Eta was not handed down at the time the lower Court’s order was entered in the instant case.
The order appealed from is accordingly—
Reversed.
LILES, A. C. J., and MANN, J., concur.